## Conel Corporation *v.* Michael McDonough, Inc., Appellant.

*Barry L. Weiser,* with him *Edward M. Snyder Associates,* for appellant.

*F. Wayne Jarvis, Jr.,* with him *Robert H. Malis,* and *Malis, Tolson & Malis,* for appellee.

OPINION BY SPAETH, J., June 14, 1973:

This is an appeal from an order granting a motion for summary judgment.

Appellee's complaint in assumpsit demanded judgment in the amount of $15,514.42, representing the price

of chocolates delivered to appellant between October 13, 1971, and January 13, 1972. It is for this amount that summary judgment was entered. Appellant's answer to the complaint admitted receiving and accepting the chocolates from appellee, and, by failure to deny, also admitted that $15,514.42 was a reasonable price for the chocolates. Nevertheless, in new matter appellant denied liability, alleging an intervening agreement between appellant and appellee. It appears that as of October, 1971, appellant owed appellee $23,030.47 for chocolates. At that time, appellant alleged, it was agreed "that in order for the defendant [appellant] to reduce its indebtedness [of $23,030.47], all future purchases by defendant from plaintiff [appellee] would be paid at the rate of 1½ times the amount of the current order. The payment would be made at the time plaintiff [sic] picked up the candy from defendant [sic]. The agreement further provided that defendant would have one year within which to pay off all indebtedness to plaintiff." These allegations were admitted by appellee.

It is not clear whether, or to what extent, the parties acted pursuant to this agreement. It would seem, that had the parties been acting pursuant to the agreement, appellant would have paid for his purchases during the period October 13, 1971, to January 13, 1973, in full, i.e., $15,514.42, and would have further paid 50% of the price of those purchases, or $7,757.21, in partial liquidation of the pre-October debt, thus reducing the debt from $23,030.47 to $15,273.26. Instead what appellant appears to have done is to pay the pre-October debt in full while incurring a new post-October debt.

However appellant may have regarded his payments, he cannot complain now. The summary judgment is for the post-October debt, which appellant admits is the reasonable price for chocolates received and accepted by him. Even if the agreement is to be understood as

extending appellant up to a year to pay for those chocolates, the lower court was correct in holding that there was no consideration for the extension. *Hecht v. Hecht,* 301 Pa. 379, 152 A. 537 (1930). This might not be the case had appellant agreed to buy enough chocolates so that under the 1½ times formula his pre-October debt would be paid at the end of the year. However, as appellant pleads the agreement, he was under no obligation to buy any more chocolates.

One other matter should be mentioned. Appellant has also pleaded that "[t]he parties had agreed that defendant [appellant] was to receive a discount of 5% on all merchandise purchased. Defendant is therefore entitled to a credit of 5% of $23,030.47 or $1,151.52." In response, appellee admitted that appellant was entitled to a 5% discount on all purchases if payment was made within thirty days of delivery, "which [appellant] at all times failed to do." Appellant contends that from such pleading an issue of fact arose, so that summary judgment should not have been entered. However, assuming an issue, it was not before the lower court, for the complaint and the motion for summary judgment were directed only to the post-October debt of $15,514.42 and not to the pre-October debt of $23,-030.47.

The order of the lower court is affirmed.